IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LILLIAN A. FREEMAN o/b/o, ) | |
| T.L.J., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:10-cv-997-TFM |
| ) | [wo] |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lillian A. Freeman o/b/o T.L.J. ("Plaintiff" or "Freeman") initially filed her application for supplemental security income on March 18, 2008. The application was denied and a timely request for an administrative hearing was filed. On April 29, 2010, a hearing was held before an Administrative Law Judge (ALJ) who subsequently issued a decision denying Freeman's application on May 7, 2010. The Appeals Council declined to review the case and Freeman filed her complaint to this Court on November 22, 2010. Doc. 1. In response, the Commissioner of Social Security ("Defendant" or "Commissioner") filed his *Motion to Remand and Reverse with Suggestions in Support.* ( Doc. 16, file June 16, 2011). The Commissioner seeks a sentence four remand, under 42 U.S.C. §405(g). *Plaintiff's Response to Defendant's Motion to Reverse and Remand* (Doc. 20, filed June 15, 2011) opposes the Commissioner's request and instead seeks a reversal with a judgment of benefits.

After due consideration of the submissions and applicable law, the Court concludes that the Commissioner's motion to remand is due to be granted to the extent herein indicated.

**I.   DISCUSSION**

The Commissioner's motion indicates that both the agency's counsel and the Appeals Council have determined remand is appropriate to consider "Plaintiff's subsequent favorable application to determine whether it contains evidence that pertains to the time period relevant to this case and whether a fully favorable decision can be issued-thereby rendering judical review unnecessary."  Doc 18. at 1-2.  The Commissioner correctly cites to this Court's authority to remand this case pursuant to 42 U.S.C. § 405(g) which provides "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing."  The Commissioner requests that this Court reverse and remand with special instructions pursuant to *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), Fed. R. Civ P. 58, and sentence four of 42 U.S.C. § 405(g).

Plaintiff objects based on the premise that this Court is required to accept as true the opinion of the treating physician, Dr. McCleod, and the testimony of Ms. Freeman based on Plaintiff's interpretation of *MacGregor v. Bowen*, 786 F.2d 1050 (11th Cir. 1986).  *See* Doc. 16 at 2, Doc. 20 at 2 (citing to Doc. 11 at 11 - 12) (wherein all documents cited indicate that the primary issue is whether the Court must accept as true the above cited evidence).  In *MacGregor* the court states "[t]he testimony of a treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary."  *MacGregor*, 786 F.2d at 1053.  Additionally, "[t]he Secretary must specify what weight is given to a treating physician's opinion and any reason for giving no weight, and failure to do so is reversible error.  *Id*. (citing *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985)).

The Commissioner distinguishes *MacGregor* by noting the ALJ completely ignored the physician's testimony and in the present case the ALJ did address the physician's opinions, as well as Ms. Freeman's testimony, but not to the satisfaction of Plaintiff.  Doc. 18 at 3.  Therefore, the Commissioner argues the Court need not apply *MacGregor* in this case as the ALJ did not completely ignore their opinions.

"There is language in *MacGregor v. Bowen*, [] and *Cannon v. Bowen*, [] for the proposition that, if a law judge fails clearly to articulate reasons for rejecting the plaintiff's subjective complaints, that evidence must be accepted as true as a matter of law."  *Carpenter v. Astrue*, 2011 WL 767652 at *5 (M.D. Fla. 2001) (unpublished) (citing *MacGregor v. Bowen*, 786 F.2d 1050 (11th Cir. 1986) and *Cannon v. Bowen*, 858 F.2d 1541 (11th Cir. 1988)).  However, an earlier panel remanded to the agency for further consideration in cases such as is before this Court.  This is the proposition which must be followed, regardless of subsequent cases.  *Id*.

"Under the well-established prior panel precedent rule of this Circuit, the holding of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or by the Supreme Court."  *Smith v. GTE Corp*., 236 F.3d 1292, 1300 n.8 (11th Cir. 2001); *see also Cargill v. Turpin*, 120 F.3d 1366 (11th Cir. 1997) (stating that "[t]he law of this circuit is 'emphatic' that only the Supreme Court or this court sitting *en banc* can judicially overrule a prior panel decision. *(citing United States v. Woodard*, 938 F.2d 1255, 1258 (11th Cir. 1991), *cert. denied*, 502 U.S. 1109, 112 S.Ct. 1210, 117 L.Ed.2d 449 (1992) (emphasis in original).  The decision in *MacGregor* was not the Eleventh Circuit sitting en banc nor was it based upon any cited Supreme Court intervening case law.  *See Carpenter*, 2011 WL 767652, at *5 (stating "*MacGregor* did, in fact, announce the prinicple, but provided no

3

case authority (or any other authority) for it.")

When there exists a conflict between Eleventh Circuit decisions, the earliest panel decision is the binding case to follow. *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000), *cert. denied*, 531 U.S. 957, 121 S.Ct. 381, 148 L.Ed.2d 294 (2000) (discussing a previous decision conflicting with a more recent case and stating "where two prior panel decisions conflict we are bound to follow the oldest one." quoting *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc)).  For cases wherein the primary dispute is that of failing to clearly articulate the reasons behind rejecting evidence presented to the ALJ, "the Eleventh Circuit and the former Fifth Circuit remanded cases to the agency when there was a failure to provide an adequate credibility determination." *Carpenter*, 2011 WL 767652 at *5 (citing *e.g., Boyd v. Heckler*, 704 F.2d 1207, 1211 (11th Cir. 1983)).  Remanding cases with credibility determinations back to the agency is the action applied to cases subsequent to the *MacGregor*, further demonstrating the applicability of the prior panel decision.  *Id; Johns v. Bowen*, 821 F.2d 551, 557 (11th Cir. 1987); *Mason v. Bowen*, 791 F.2d 1460, 1462 (11th Cir. 1986).  The Commissioner also notes in the motion for remand that the principle of allowing the administration to deal with these clarifications has been recently upheld in *Immigration and Naturalization Service v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 355, 154 L.Ed.2d 272 (2002), wherein the Supreme Court reaffirms the principle that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Id*. (citing *SEC v. Chenery Corp*., 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947)).

A remand is clearly in order in this case since the law judge made a credibility determination, but did not adequately explain it.

## II. CONCLUSION

Accordingly, it is **ORDERED** that *Defendant's Motion to Reverse and Remand* is **GRANTED** and this case is hereby **REMANDED** pursuant to sentence four of 42 U.S.C. §405(g), for further administrative proceedings in accordance with the motion.  A separate judgment is entered herewith.

DONE this 27th day of June, 2011.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE